Essex,
March,
1840.

Bellows
v.
Elliot and
Killum.

STEARNS AND JEWETT AND THEODORE BLISS v. SIMON
HOWE, JR. et al.

Where testimony, tending to sustain a declaration, has gone to the jury
without objection, exception cannot be taken that the court permitted a
verdict to be given on insufficient testimony.

ASSUMPSIT on two promissory notes. Plea, general issue
and trial by jury.

Two of the plaintiffs, Stearns and Jewett, were set up in
the declaration as partners. On the trial in the county court,
the notes were read without objection, whereupon the defen-
dants called for the proof of the partnership between the
said Stearns & Jewett. The plaintiffs offered to prove this
by parol, which was objected to because the articles of part-
nership should be produced, but it not appearing that any ar-
ticles in writing had ever existed, the court overruled the ob-
jection.

One witness testified that he was acquainted with the
plaintiff, Stearns, and was connected with him in a distinct
partnership concern; that he was not personally acquainted
with the plaintiff, Jewett; but in connection with Stearns,

had transacted business with the firm of Stearns & Jewett, and had seen Stearns sign a contract in the name of Stearns & Jewett; that he did not know the christian name of Jewett.

Another witness testified that he was acquainted with the plaintiff, Stearns, and with a Mr. Jewett, said to be his partner ; that he was not positive as to the christian name of said Jewett, but believed it was Samuel, and had had that impression for a considerable time ; that a contract was once executed to the witness by Stearns, Jewett and Bliss, each signing his name separately, and he felt confident that Jewett's christian name, as then signed, was Samuel; that he supposed said Jewett resided at Springfield, as he had seen him there and been at the office in that place where said Jewett was accustomed to do business.

Upon this testimony, which was uncontradicted, a verdict was taken for the plaintiffs, and judgment rendered thereon, to which decision of the court, permitting a verdict for the plaintiffs, on said testimony, the defendants excepted.

*J. S. Wells,* for defendants, cited *Camden* v, *Anderson,* 5 Term R. 709. Collyer on Partnership, 405. *Ord* v. *Portal,* 3 Camp. R. 239. *Acerro* v. *Petroni,* 1 Stark. R. 80. Bayley on Bills, 316. 1 Stark. Ev. 127.

*Wm. Heywood,* for plaintiffs.

The opinion of the court was delivered by

COLLAMER, J.—This bill of exceptions is entirely unprecedented in our practice. The action was on notes, given to a co-partnership, by the name and style of the firm. The execution of the notes was conceded. This acknowledged the existence of the co-partnership. The plaintiffs gave some testimony tending to identify themselves as the individuals who composed the partnership, which went to the jury, without objection. The case then rested with the jury. The only question was one of fact, whether, from the testimony, the jury were convinced that the plaintiffs, Charles Stearns and Samuel Jewett, were the persons who composed the firm of Stearns & Jewett, to whom the notes were payable. The jury found for the plaintiffs. The bill of exceptions then states that *to the decision of the court, in permit-*

*ting a verdict for the plaintiffs on said testimony, the defendants excepted.*

When testimony, tending to sustain an issue, is submitted to the jury, the whole question then rests with the jury, and it is no judicial act of the court that they permit a verdict to be rendered.   It is not matter of law, which can be assigned for error, that a verdict is against the weight of the testimony, or was found without sufficient testimony.   This, at *common law*, might be ground for a motion for a new trial; but in this state, it is a matter with which courts have nothing to do.   Our statute utterly forbids the courts from granting new trials, because they may differ with the jury as to the weight of the testimony.   This statute cannot be evaded in the way attempted in this bill of exceptions, that is, by making the verdict the act of the court and treating its incorrectness as a matter of error in law.   We have, however, examined the testimony, and are satisfied with the verdict.

Judgment affirmed.